UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN JAY HUMPHREY,

                             Plaintiff,

                v.                               5:05-CV-1159
                                                                    (NAM)(GJD)
COURT CLERK, NDNY; CHIEF JUDGE FREDERICK J.
SCULLIN, JR.; COURT CLERK, SECOND CIRCUIT;
COURT CLERK, U.S. SUPREME COURT,

                            Defendants.
_____

APPEARANCES:

JOHN JAY HUMPHREY
Plaintiff, *pro se*

NORMAN A. MORDUE, DISTRICT JUDGE

**DECISION and ORDER**

    Presently before the Court is a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), filed by *pro se* plaintiff John Jay Humphrey.[1] Dkt. No. 1. Plaintiff has not paid any fee relating to this action, and seeks leave to proceed *in forma pauperis*. Dkt. No. 2.

    In his complaint, plaintiff asserts claims arising out the requirement that, as a litigant in federal court, he provide a current mailing address for purposes of service and correspondence. Plaintiff

---

[1] This is the seventh action plaintiff has filed in this District since January, 2005. *See Humphrey v. Carni*, 5:05-CV-0253 (FJS/GHL); *Humphrey v. WIXT News Channel 9*, 5:05-CV-0636 (FJS/DEP), *Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD); *Humphrey v. Rescue Mission*, 5:05-CV-0986 (FJS/GJD); *Humphrey v. Styers*, 5:05-CV-1036 (FJS/GHL); *Humphrey v. Onondaga Cty. DSS*, 5:05-CV-0987 (NAM/GJD); *Humphrey v. Weichert*, 5:05-CV-1205 (NAM/GJD). *See also*, *Humphrey v. Onondaga Cty. Sheriff*, 5:02-CV-1524 (NPM/DEP); *Humphrey v. State of New York*, 5:03-CV-1181 (HGM/GJD); *Humphrey v. United States Gov't*, 5:04-CV-0145 (HGM/GJD).

alleges that the Court Clerks named as defendants herein have refused to communicate with him by e-mail, and claims that the defendants' actions have cause him to suffer severe mental distress. Dkt. No. 1 at 2-4.[2] Named as defendants are the Chief Judge of the Northern District of New York and the Clerks of the Northern District, the United States Court of Appeals for the Second Circuit and the United States Supreme Court. For a complete statement of Plaintiff's claims, reference is made to the complaint.

Based upon a review of plaintiff's *in forma pauperis* application, the Court finds that plaintiff has demonstrated sufficient economic need.

Since the Court has found that plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)   [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id*.

As noted, plaintiff seeks to assert claims against the defendants for the violation of his civil and

---

[2] The only other injury identified by plaintiff is the loss of his bicycle which was allegedly stolen while parked at the location of his mailing address. *Id*. at 2.

constitutional rights. *Bivens* actions, although not precisely parallel, are the federal analog to Section 1983 actions against state actors. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (noting that there is a "general trend in the appellate courts" to incorporate Section 1983 law into *Bivens* cases) (citation omitted).[3]

For the reasons set forth below, the Court finds that plaintiff's complaint fails to state a claim against the defendants upon which may be granted by this Court and is, therefore, dismissed.

**(a) Chief District Court Judge Frederick J. Scullin, Jr.**

Plaintiff complains of a ruling made by Chief Judge Scullin in one of plaintiff's prior actions. *See Humphrey v. WIXT News Channel 9*, 5:05-CV-0636 (FJS/DEP) (Order filed June 23, 2005). In that case, Judge Scullin issued a Decision and Order which included the direction to plaintiff that he provide a current mailing address for purposes of service and correspondence as required by Rule 10.1(b)(2) of the Local Rules of Practice for the Northern District of New York, "if he files any additional papers in this, or any other action...." *Id*. (Dkt. No. 3 at 1 n.1).[4] Plaintiff claims that the Court did not clearly state that he must provide a mailing address, and did not advise plaintiff that an e-

---

[3] Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). *See Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD) (Dkt. No. 3 at 4).

[4] Local Rule 10.1(b) prescribes specific information required on all documents filed with the court. That information includes "the address of a pro se litigant; and the bar roll number, office address, telephone number, e-mail address and fax number of the attorney." While General Order No. 22 of the Northern District (filed Dec. 3, 2004) establishes administrative procedures for Electronic Case Filing, traditional means of serving and filing papers by mail continue to apply to all *pro se* litigants. *Id.*, § 2.

mail address was not sufficient.  Dkt. No. 1 at 2.[5]

The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability under Section 1983 for 'acts committed within their judicial jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Young*, 41 F.3d at 51 (internal quotations omitted).

It is clear that plaintiff's claim against Chief Judge Scullin arises solely out of the performance by Chief Judge Scullin of his judicial duties in presiding over the litigation commenced by plaintiff.  Chief Judge Scullin is therefore absolutely immune from liability in a *Bivens* action, and is dismissed with prejudice as a defendant in this action.

**(b)  Court Clerk NDNY**

Plaintiff appears to claim that the "Court Clerk" of the Northern District of New York improperly failed to advise him that the e-mail address plaintiff provided when he submitted his complaint for filing in *Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD) was not an acceptable address for purposes of Local Rule 10.1, and would not be used by the court to communicate with plaintiff.  Dkt. No. 1 at 2.  Plaintiff does not claim to have suffered any specific harm attributable to this claim.  Although plaintiff's case was dismissed, the dismissal was predicated upon plaintiff's failure to establish that the named defendant is a state actor for purposes of § 1983, not on plaintiff's failure to provide a mailing address.  *Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD)

---

[5] When plaintiff next commenced an action, he provided only an e-mail address.  Dkt. No. 1 at 2; see *Humphrey v. Rescue Mission*, 5:05-CV-0795 (NAM/GJD).  By Decision and Order filed July 14, 2005 (dkt. no. 3 at 4), I admonished plaintiff that he must provide a mailing address when he files court papers, and that his failure to do so will result in those papers being rejected for filing.

(Decision and Order filed July 14, 2005 at 3). According to the docket in that action, plaintiff acknowledged service of the Court's Order within two weeks of the filing date, and filed a timely notice of appeal with the Second Circuit. Dkt. Nos. 5 and 6.

The Court also notes that plaintiff does not clearly allege that he had any direct, interaction or other communication with the individual who serves as the Clerk of Court for the Northern District of New York, as opposed to one or more of the individuals employed in the Clerk's Office. As with claims asserted under Section 1983, a plaintiff seeking to recover money damages in a *Bivens* action must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. Liability cannot be established under a theory of respondeat superior. *Elmaghraby v. Ashcroft*, 2005 WL 2375202, *11 (E.D.N.Y. Sept. 27, 2005); *see Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (discussing supervisory liability in context of § 1983 claim).[6] In this case, plaintiff has not set forth facts sufficient to establish that the Clerk of the Court was personally involved in the actions complained of. Nevertheless, in light of plaintiff's *pro se* status, the Court has considered whether plaintiff's complaint states a claim upon which relief could be granted assuming, *arguendo*, that he has properly identified the defendant, and concludes that it does not.

Courts have extended judicial immunity to court clerks for the performance of tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Kampfer v. Rodriguez*, 1998 WL 187364 *2 (N.D.N.Y. Apr. 15, 1998) (Pooler,

---

[6] In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a supervisory defendant can be personally involved in a constitutional deprivation. A supervisory official is deemed to have been personally involved if that official directly participated in the infraction; if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong; if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id*.

D.J.). Court clerks enjoy absolute immunity even for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court. *Id*. Since plaintiff's allegations arise out of and relate to actions taken by court personnel which were in accordance with the terms of the Local Rules of Northern District, and pursuant to the direction of a judicial officer, these actions constitute an integral part of the judicial process and are shielded from liability by judicial immunity. Accordingly, defendant "Court Clerk NDNY" is hereby dismissed with prejudice as a defendant herein.

**(c)  Court Clerk, Second Circuit; Court Clerk, US Supreme Court**

Plaintiff remaining claims are against the Clerk of the Court for the United States Court of Appeals for the Second Circuit and the Clerk of the United States Supreme Court. Plaintiff claims that the Clerks have refused to communicate with him by e-mail, thereby violating plaintiff's rights under the Fifth Amendment. Dkt. No. 1 at ¶¶ 4, 6. With respect to the Second Circuit Clerk, plaintiff states only that the Clerk "has failed to e-mail the plaintiff at this time." *Id*. at 2-3. Plaintiff states that he "wrote a letter" to the U.S. Supreme Court Clerk requesting an *in forma pauperis* application and claims that the Clerk "has failed to e-mail the plaintiff a copy as of today." *Id*. at 3.

For all of the reasons discussed by the Court in dismissing plaintiff's claims against the Court Clerk of the Northern District, plaintiff's claims against these defendants are insufficient and are hereby dismissed.[7] Plaintiff has failed to set forth facts sufficient to identify the individual or individuals in either Court personally responsible for the actions complained of. In addition, plaintiff has failed to set forth any facts in support of his claim that he is entitled to communicate with these

---

[7] In addition, it is not clear that venue is appropriate in this District. *See* 28 U.S.C. § 1391(b).

federal courts by e-mail,[8] nor has he demonstrated that he has suffered any harm from the actions complained of.  It also appears that these defendants enjoy absolute immunity from plaintiff's claims.

In sum, plaintiff's complaint, as drafted, is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants.  The named defendants are immune from damages on the claims asserted in this *Bivens* action and the complaint lacks an arguable basis in law or in fact.  Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

WHEREFORE, it is hereby

ORDERED, that the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), and it is further

ORDERED, that in light of the dismissal of this action, plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: October 7, 2005
         Syracuse, New York

Norman A. Mordue
U.S. District Judge

---

[8] Rule 29 of the Rules of the Supreme Court clearly provides that all documents required or permitted to be presented to the Court or to a Justice shall be filed and served by one of three means: in person, by U.S. mail, or by a third party commercial carrier.  Rule 25 of the Federal Rules of Appellate Procedure also authorizes the filing and service of court papers by these three methods.